**In re The CROUSE GROUP, INC., Related Cases: Aronimink Corporation, Crouse Combustion Systems, Crouse Company, Inc., Crouse-Mitchell Fabricating Company, Inc., Crouse Recovery of Delaware Inc., Crouse of New Jersey, Inc., Y–E–P Industries, Inc., Debtors.**

**Bankruptcy Nos. 87–00576S to 87–00583S.**

United States Bankruptcy Court,
E.D. Pennsylvania.

June 26, 1987.

### ORDER AND MEMORANDUM

AND NOW, this 26th day of June, 1987, upon consideration of the Debtors' Motion for Reconsideration of our Order of April 3, 1987, a copy of which is attached hereto as Appendix "A," regarding the conditions under which Ronald H. Silverman, P.C., may be employed as special counsel to represent the Crouse Company, Inc. in Litigation involving Turner Construction Co., Inc. and requesting, instead, that the said Mr. Silverman may be employed on a basis which establishes a set fee structure prior to the Court's receiving any Application in accordance with *In re Meade Land and Development Co., Inc.*, 527 F.2d 280 (3d Cir.1975), describing the work accomplished, which requested fee structure includes a set a contingency fee if the recovery exceeds $1,000,000.00, the said Motion is DENIED.

We believe that compensation of all counsel, per 11 U.S.C. § 327(a), should be conditioned on procedural compliance with *Meade Land.* We should note, however, that we read *Meade Land* as merely establishing the procedure for describing work accomplished for which compensation is sought, not as establishing the method of compensation. Thus, requiring special counsel to comply with *Meade Land* does not preclude an award, in an extraordinary situation, on a contingent fee basis, or at a very high hourly rate, or compensation or some sort of other special basis if "a case

requiring extraordinary skill and the demonstration of such by extremely competent counsel" is presented. *See In re Shaffer-Gordon Associates, Inc.*, 68 B.R. 344, 350 (Bankr.E.D.Pa.1986). The litigation in question may present a case where a contingent fee or some other special basis of compensation will be appropriate. Such a basis for compensation to special counsel was not precluded by our Order of April 3, 1987.

We do not believe that this ruling will work to the detriment of the Debtor. Rather, it will merely permit the Court to determine what work was accomplished, and its the reasonable value, taking into account all of the elements which Counsel claims justify whatever fee is requested, before we can promise that we will make an award on a certain basis and before the fee is paid from estate funds. We do not consider it proper to abdicate our responsibility to evaluate the work performed by counsel before setting the fee, *see Shaffer-Gordon, supra,* 68 B.R. at 351, and this is what we believe that we would be doing by locking ourselves into approval of an extraordinary basis for compensation before we can evaluate the work done.

We note that special counsel can effect the withdrawal of representation which is suggested in his letter to us of June 2, 1987, might be forthcoming if we denied this Motion, only if permitted to do so by the district court. See Local Rule of Civil Procedure of the Eastern District of Pennsylvania 18(c). The circumstances in which the Code of Professional Responsibility (hereinafter referred to as "CPR") indicates that withdrawal will be permitted should be considered in this determination. *See Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676, 679 (3d Cir.1986). As further explained by this Order and Memorandum, our Order of April 3, 1987, may not be found by the District Court to constitute such a basis under the CPR. See Disciplinary Rule 2–110(C); Ethical Consideration 2–32.

### APPENDIX A

IN RE: CROUSE NUCLEAR ENERGY SERVICES, INC., ARONIMINK CORPORATION, CROUSE COMBUSTION SYSTEMS, INC., CROUSE COMPA-

NY, INC., CROUSE MITCHELL FABRICATING, CROUSE RECOVERY OF DELAWARE, INC., CROUSE OF NEW JERSEY, INC., CROUSE NUCLEAR ENERGY SERVICES, INC., Debtors.

Bankruptcy Nos. 87–00576S to 87–00582S and 87–00834S.

### ORDER AUTHORIZING EMPLOYMENT OF RONALD H. SILVERMAN, P.C. AS SPECIAL COUNSEL

AND NOW, this 3rd day of April, 1987, upon consideration of the APPLICATION OF DEBTORS TO EMPLOY RONALD H. SILVERMAN, P.C. AS SPECIAL COUNSEL praying for authority to employ and appoint the law firm of Ronald H. Silverman, P.C. ("Silverman") as Special Counsel for reasons set forth in the Application; it appearing that Silverman is fully qualified to perform the services involved; and the Court being satisfied that Silverman represents no interest adverse to the Debtors and that its employment is necessary and would be in the best interest of the Debtors, it is ORDERED, that the Debtors are authorized to employ Silverman as Special Counsel to represent the Debtors, The Crouse Group, Inc. and Crouse Company, Inc., fees to be allowed only after submission of an Application in accordance with *In re Meade Land & Dev. Corp.*, 527 F.2d 280 (3d Cir.1975).